**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
COURT FILE NO.: _____

| | |
|---|---|
| Cory M. McWhorter,<br><br>    Plaintiff,<br><br>vs.<br><br>Professional Recovery Services, Inc.,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C.

      § 1692k(d).

2.    This action arises out of the Defendant's violations of the Fair Debt Collection

      Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3.    Venue is proper in this District because the acts and transactions occurred here,

      Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.    Plaintiff Cory M. McWorter (hereinafter "McWorter" or "Plaintiff") is a natural

      person residing in the County of Sherburne, State of Minnesota, and is a

      "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Professional Recovery Services, Inc. (hereafter "PRS" or "Defendant"),

      upon information and belief,  is a foreign corporation that operates as a debt

      collection agency from an address of 221 Laurel Road, Two Echelon Plaza, Suite

160, Voorhees, New Jersey 08043.  PRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  Plaintiff allegedly incurred a financial obligation with Chase Home Finance, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.  The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8.  Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime prior to November of 2009.

9.  On or about November 18, 2009, Plaintiff's attorney wrote directly to Defendant to dispute this debt and request verification thereof.  *See* Exhibit 1.

10.  Defendant received the letter dated November 18, 2009 from Plaintiff's attorney on November 27, 2009.  *See* Exhibit 2.

11.  On or about December 29, 2009, Defendant wrote directly to Plaintiff, despite knowing that Plaintiff was represented by an attorney, in an attempt collect this debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).  *See* Exhibit 3.

12.  Defendant violated 15 U.S.C. § 1629c(a)(2) because Defendant communicated with Plaintiff directly when it knew that Plaintiff was represented by an attorney.

13.  On or about December 31, 2009, Defendant again contacted Plaintiff directly, despite knowing that Plaintiff was represented by an attorney, in an attempt collect

this debt, which was a communication in an attempt to collect a debt as that term

is defined by 15 U.S.C. § 1692a(2).  *See* Exhibit 4.

14.    Defendant violated 15 U.S.C. § 1692c(a)(2) because Defendant communicated

directly with Plaintiff when Defendant knew that Plaintiff was represented by an

attorney.

15.    Defendant employed false and deceptive means in an attempt to collect this debt in

violation of 15 U.S.C. § 1692e and § 1692e(10).

## Respondeat Superior Liability

16.    The acts and omissions of Defendant's employees, who were employed as agents

by Defendant PRS, and who communicated with Plaintiff as more fully described

herein, were committed within the time and space limits of their agency

relationship with their principal, Defendant PRS.

17.    The acts and omissions by Defendant's employees were incidental to, or of the

same general nature as, the responsibilities the agents were authorized to perform

by Defendant PRS in collecting consumer debts.

18.    By committing these acts and omissions against Plaintiff, Defendant's employees

were motivated to benefit their principal, Defendant PRS.

19.    Defendant PRS is therefore liable to Plaintiff through the Doctrine of Respondeat

Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not

limited to violations of the FDCPA and Minnesota law, in its attempts to collect

this alleged debt from Plaintiff.

## TRIAL BY JURY

20.     Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7.

Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

21.     Plaintiff incorporates by reference each and every above stated allegation as

though fully stated herein.

22.     The foregoing acts of the Defendant constitute distinct violations of the FDCPA

against the Plaintiff herein, including but not limited to each and every one of the

above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

23.     As a result of said violations, Plaintiff has suffered actual damages in the form of

humiliation, anger, anxiety, emotional distress, fear, frustration, and

embarrassment, amongst other negative emotions, and therefore Plaintiff is

entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24.     As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and

therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1) of the FDCPA.

25.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00

from Defendant, and for Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C.

§ 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;

- For an award of statutory damages of $1,000.00 for Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated:  February 9, 2010.                **MARSO AND MICHELSON, P.A.**


By:    s/Patrick L. Hayes
        Patrick L. Hayes
        Attorneys for Plaintiff
        Attorney I.D. No.:0389869
        3101 Irving Avenue South
        Minneapolis, Minnesota 55408
        Telephone: 612-821-4817
        Email: phayes@marsomichelson.com

6

Dated:  February 9, 2010.                    **MARSO AND MICHELSON, P.A.**


By:   s/William C. Michelson
        William C. Michelson
        Attorneys for Plaintiff
        Attorney I.D. No.: 129823
        3101 Irving Avenue South
        Minneapolis, Minnesota 55408
        Telephone: 612-821-4817